[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on December 20, 1995, with a return date of December 26, 1995, and thence to later dates when the defendant appeared. Both parties appeared for a limited contested trial which was heard on February 26, 1997.
The court, having heard the evidence, finds the following:
The wife, Maria Blaszko, whose maiden name was Maria Janczewski, was lawfully married to the husband, Michael J. Blaszko, on January 5, 1984 in Krakow, Poland.
At least one party has resided continuously in this state twelve months next before the date of the filing of the complaint and all statutory stays have expired.
Only two minor children have been born to the wife since the date of the marriage, both of whom are issue of the marriage: Marissa Blaszko, born July 31, 1989 and James Blaszko, born June 8, 1992.
At trial, the parties presented joint proposed orders to the court, which represented their partial agreement as to certain issues. The court heard testimony in order to decide the CT Page 3244 outstanding issues on which there was no agreement.
The husband is 35 years old and in good health. He is employed by the State of Connecticut as a social worker for the Department of Mental Retardation, and has held this position since January of 1985. He has a college degree in the field of psychology. His weekly net income, allowing for standard deductions, is $692.00. He has a pension and a deferred compensation plan through his employment with a total value of approximately $7,500.00
The wife is 36 years old and in good health. Although she has a college degree and a master degree from schools in Poland, the degrees are not recognized here. She did attend the Morse School of Business and is presently employed as a payroll clerk for the State of Connecticut Department of Health. She also holds a part time job on Saturdays at a travel agency. Her weekly net income, allowing for standard deductions, is approximately $461.56. She has no pension or other retirement plan with any value at this time.
In 1986, the parties jointly purchased a condominium in Newington for $73,000.00. Its estimated value at this time is $60,000.00, although no appraisal was submitted, and the balance on the mortgage is $43,000.00. The husband's parents lent the couple approximately $14,000.00, $10,000.00 for the purchase of the condominium and another $4,000.00 for the purchase of a Nissan automobile. The parties cannot agree on how much the husband's parents were paid back, but it is in the vicinity of eight to ten thousand dollars. There was no evidence that the parents are making a claim or demand for any balance owed to them, and there were never any written loan agreements. The parties have agreed that this condominium shall be solely the wife's, who must refinance, if possible, and pay to the husband his one-half equity no later than five years from the date of this judgment of dissolution.
Both parties have earning capacities which are likely to increase in the future, particularly if they pursue their educations further, but the husband's degree is presently more valuable in terms of marketability. of course, since the children will primarily reside with the wife, education will be more costly and difficult for her to pursue, owing to her higher expenses, the cost of day care and time constraints. The wife has no immediate family residing in Connecticut to assist her with CT Page 3245 child care responsibilities.
With regard to fault resulting in the breakdown of the marriage, the court finds the parties are equally to blame. Although they attempted family counseling, conflict and stress over child-related issues was the main cause of the breakup of the marriage.
With regard to the division of property and the wife's request for periodic alimony in this case, the court has considered their joint proposed orders, case law, the testimony of the parties and their financial affidavits. In addition, the court has taken into consideration all of the criteria set forth in General Statutes § 46b-81 as to the division of marital assets, § 46b-82 as to awarding alimony, and § 46b-84 as to awarding child support.
Accordingly, the court enters the following orders:
1. A decree of the dissolution of the parties' marriage shall enter on the grounds of irretriable breakdown.
2. The parties shall have joint custody of the two minor children with primary physical residence of the children with the wife. The husband shall have reasonable rights of visitation with the children, which shall include, but not be limited to, every other weekend from no later than 6:00 p. m. Friday until 7:00 p. m. Sunday and every Tuesday evening from no later than 6:00 p. m. until 8:00 p. m. During those weeks when the husband does not have weekend visitation with the minor children, he shall also have visitation on Thursday from no later than 6:00 pm. to 8:00 p. m.
Each party shall be entitled to three weeks vacation with the minor children each year, either consecutively or nonconsecutively, as the party chooses. Each party shall provide the other with thirty days notice of any vacation plans. In the event of a family emergency with the wife's family in Poland, the three vacation weeks may be extended, provided the children are not in school, upon notice and verification of the emergency to the husband. The parent who takes the children on vacation shall inform the other parent about dates, length, and location and provide an emergency telephone number.
All Monday holidays with the exception of the Fourth of July shall be spent with the parent with whom the children spent that CT Page 3246 weekend.
In 1997 and alternating thereafter, Christmas and Thanksgiving shall be with the wife and Christmas Eve and the Fourth of July with the husband. Easter for 1997 shall be with the wife and shall alternate annually thereafter. If Easter falls on husband's weekend, during wife's year for the holiday, the husband shall return the children by 7:00 P.M. Saturday evening.
Mother's Day shall always be with the wife and Father's Day shall always be with the husband.
Each party shall allow the other reasonable and unhampered contact between the children and each other and their families and foster a feeling of affection between the children, the other party and their respective families. This includes phone calls that are free from harassment by the other party. Neither party will do anything that will estrange the children from the other or injure the opinion of the children concerning their mother or father, or act in such a way as to hamper the free and natural development of the natural love and respect for the other party.
3. The husband shall pay to the wife $60.00 per week as alimony for a period of four years. Said alimony shall be nonmodifiable as to amount and duration, and shall terminate upon the death of either party, the wife's remarriage or cohabitation pursuant to General Statutes § 46b-86 (b).
4. The husband shall pay to the wife $104.00 per week for the support of each of the minor children, for a total weekly payment of $208.00. This amount is in compliance with the child support guidelines. This obligation shall be secured by a contingent wage withholding order pursuant to General Statutes § 52-362 (b). The wife shall be solely responsible for day care expenses.
5. The husband shall maintain medical insurance coverage as available through his employer on behalf of the two minor children. The wife shall maintain dental insurance as available through her employer for the benefit of the minor children. In the event either party shall become unemployed or no longer have medical or dental coverage available through employment, the other party shall maintain such insurance coverage for both children if available through his or her employment. The parties shall each pay one-half of the cost of any necessary unreimbursed medical, dental, orthodontic, opthalmologic, optical, CT Page 3247 prescription, psychological and psychiatric expenses for the minor children. All requests for payment of one-half of unreimbursed expenses shall be sent to the other party in writing with a copy of the pertinent bill or bills within 60 days of the date of the treatment or other service. Reimbursement or satisfactory arrangements for payment shall be made within thirty days of the date of the request. The provisions of General Statutes § 46b-84 (d) are hereby incorporated into these insurance orders.
6. Each party shall maintain on himself or herself a life insurance policy in an amount equal to no less than $200,000.00 for the benefit of the minor children. Said policies shall remain unencumbered and name the children as irrevocable beneficiaries until the youngest child reaches the age of eighteen. Each party shall provide proof of such insurance to the other party by January 31 of each year.
7. Commencing in 1996, the husband shall be entitled to claim the minor child, James, and the wife shall be entitled to claim the minor child, Marissa, as exemptions for federal and state income tax purposes.
8. The assets listed on the parties' financial affidavits identified as municipal bonds, U.S. Savings bonds and a mutual fund, totaling approximately $3,800.00, are assets of the minor children and shall not be encumbered, transferred, sold, liquidated, distributed or transferred by either party except with the consent of the other party.
9. Within fourteen days of the date of this judgment, the husband shall quit-claim to the wife all of his interest in real estate known as 58 Webster Court, Newington, Connecticut. The wife shall be solely responsible for the payment of the mortgage, common charges, utilities, taxes, water and sewer charges and any other expenses connected to the property and she shall hold the husband harmless and indemnify him therefrom.
The wife shall, within thirty days of this judgment, make application to refinance the subject property in an amount sufficient to pay off the existing mortgage and pay to the husband the sum of $8,500.00. If the wife cannot refinance the property in an amount sufficient to pay the husband in full, she shall pay to the husband all of the net proceeds from said refinance, after satisfying the existing mortgage and paying the CT Page 3248 closing costs. The wife shall pay to the husband the remaining balance within five years, payable in annual installments of at least $1,000.00. In the event the balance is not paid within five years from the date of this judgment, interest shall accrue at the rate of 5% per annum on any unpaid balance. In the event the property is sold within the next five years, the entire outstanding balance shall be due at the time of sale. Each annual payment shall be due on or before the anniversary date of the refinance or June 1, 1998 if there is no refinance.
In the event the wife is unable after diligent effort to refinance the subject property, she shall pay to the husband the sum of $8,500.00 by way of a promissory note and mortgage under the terms as described in the above paragraph.
10. Each party shall be responsible for and hold the other harmless from all debts which appear on his or her financial affidavit.
11. All tangible personal property now in the possession of either party, including, but not limited to bank accounts, motor vehicles, employment or retirement benefits and household furnishings shall be wholly his or hers, free from any claim or demand by the other. Each party shall be free to dispose of the same as if he or she were unmarried. Each party shall hold harmless and indemnify the other from any claims or encumbrances thereon.
CHRISTINE E. KELLER JUDGE, SUPERIOR COURT